Gaston, J.
 

 Prima facie
 
 a call in a grant for one
 
 terminus
 
 to another is understood to mean a direct line from the former to the latter point. But assuredly there may be accompanying words of description, which will indicate that the line is not to be a direct line. Thus it is of ordinary occurrence, that, when the call is with a river-or creek from one
 
 terminus
 
 to another, the river or creek, however crooked its direction or numerous its courses, if it will carry you to the proposed terminus, must be followed throughout. Nor could there be any difficulty in holding, that, if the call were for a county line or the line of another tract, or a marked line, such line, however sinuous or indirect, if it ended at the
 
 terminus
 
 called for, must be faithfuily followed.— In these cases, and cases like these, the whole of the description of the thing granted is
 
 obviously
 
 consistent, and every part of it by this construction receives its
 
 full
 
 effect. You go from one
 
 terminus
 
 to another, and you go by the
 
 *387
 
 guide which you are directed to follow. But when the
 
 minus
 
 cannot be reached
 
 merely
 
 by following the mode pointed out in the description, the question occurs, shall this mode be wholly disregarded, or shall it be observed so far as it is represented as leading to the terminus, and
 
 then
 
 to be relinquished for a direct line to the
 
 terminus?
 
 Herein it appears that the law distinguishes between the degrees of certainty, which different descriptions hold forth. If the description be one by course and distance only, it is clear that such description is disregarded, and the line is in law a direct line from one point to the other. But if it bo by a permanent natural boundary, then the description is regarded as sufficiently certain to require that it should be respected, and the line must pursue that description so for as it conducts towards the
 
 terminus.
 
 This is fully established in
 
 Sandifer
 
 v Foster, 1 Hay. 237, which is always referred to as a leading authority on questions of boundary.
 

 Now, independently of the peculiar respect which natural boundaries command with us, this decision is proper on general principles. By following the line referred to in the description, so for as it leads towards the
 
 terminus
 
 or is expressly directed, the call for the
 
 terminus
 
 is not disregarded. The
 
 terminus
 
 is still reached, though not reached by the direct line, which would have been presumed to be intended, had that call been the only description. But by running a direct line-to the
 
 terminus,
 
 a part of the description, which is perfectly intelligible, and which was assuredly designed to aid in ascertaining the thing granted, is wholly rejected. It is a leading rule in the construction of all instruments, that effect should be given to every part thereof; and, in expounding the descriptions in a deed or grant of the subject matter thereof, they ought all to be reconciled if possible, and as far as possible. If they cannot stand together, and one indicate the thing granted with superior certainty, the other may be disregarded as a mistaken reference. But so long and so far as they may stand together, each of them is to be considered as declaring the intent of the parties. When, indeed, the description accompanying a
 
 *388
 
 is, “running with a line” of another deed or tract, such description is ordinarily less certain than where it refers to a natural object. The latter is usually notorious, and can gej,jom therefore be mistaken ; while the former may not be well known, and is consequently sometimes misapprehended. But in fact the lines oí other tracts
 
 may
 
 be as notorious and certain as any natural objects, and by making one of these lines a part of the description of the thing granted, the parties represent it as a known line, by which the certainty of the thing granted is defined. It seems to us, therefore, that such a description, as a guide for reaching a
 
 terminus,
 
 ought equally to be respected with one referring to natural objects, if the line described can be ascertained to have been then well known — and that.it ought never to be disregarded altogether, unless there be reason to believe that it was misapprehended by' the parties.
 

 In this case there was no reason tor such belief, unless it were that the line described did not
 
 directly
 
 reach the
 
 terminus
 
 ; and to hold this a sufficient reason were to decide that the call for the
 
 terminus
 
 overruled the rest of the description. On the contrary, there were manifest and strong reasons for believing that this line was well known to the parties. The
 
 terminus,
 
 described in the grant as the northwest corner of the Richard Goode tract, is admitted to be the true north-west corner of that grant; and the call thence South with the line of the tract 310 poles,” corresponds with the course and distance of the line of the tract, which runs from that north-west corner. The jury have found that the line was where the parties to the grant called for it, and this must exclude the inference that they called for it by mistake.
 

 Per Curiam. Judgment affirmed.