LEONARD M. LONG *v.* HENRY J. LONG and others.

Where in a deed the land conveyed is described as follows: Beginning on the 5th corner of the last mentioned 300 acre survey,—running thence a direct line to the Ramsey ford, so, however, as to include the cleared part of Shingle island;" the 5th corner, Ramsey ford and Shingle island are established points, and a direct line from the 5th corner to Ramsey ford will not touch Shingle island: *Held,* that a direct line from the 5th corner to Shingle Island, so as to include the cleared part thereof and thence to the ford, was the proper boundary of said land.

(The cases of *Cherry* v. *Slade*, 3 Murph. 82; and *Shultz* v. *Young*, 3 Ired. 385, cited and approved.)

CIVIL ACTION, in the nature of *Ejectment*, tried before *McKay, J.,* at Fall Term, 1874, COLUMBUS Superior Court.

All the facts necessary to an understanding of the case are stated in the opinion of Justice SETTLE.

*Smith & Strong,* for the appellants.
*Battle & Son,* contra.

SETTLE, J. The question involved is one of boundary, arising upon the following description in a deed: " Beginning on 5th corner of the last mentioned 300 acre survey, running thence a direct line to the Ramsey ford, so however as to include the cleared part of the Shingle Island," &c.

The 5th corner, Ramsey's ford, and the cleared part of Shingle Island furthest from the ford, are well known and established points.

A direct line from the 5th corner to Ramsey's ford will not touch any part of Shingle Island. How then can we run direct from the 5th corner to the ford, so as to include Shingle Island ?

We think our decisions establish beyond doubt, that we shall go from the fifth corner in a direct line to Shingle Island, so as to include all the cleared part thereof, and thence to the ford. This construction comes nearer giving force to all parts of the description than any other that can be adopted, and is in consonance with the general principles of our decisions. *Cherry* v. *Slade,* 3 Murphy, 82; *Shultz* v. *Young,* 3 Ired., 385.

It is unnecessary to notice the other point made in the case, for it will be observed that this description is taken from the report of the jury which laid off the dower of the widow, Dorcas Gore, and hence her true line was the one now claimed by the plaintiff, who bought the land covered by the dower.

We may add, however, that we see no error in the charge of his Honor on the second point.

Judgment affirmed. Let this be certified, &c.

PER CURIAM. Judgment affirmed.