WILLIAM CLARKE v. D. M. WAGNER and others.

*Ejectment -- Natural Boundaries -- Conflict of in Grant.*

Although natural boundaries control course and distance and require a straight line from one corner to another, yet where the grant has such other description by natural boundaries (as the boundary of an island) as to require a departure from a straight line, the latter will control.

CIVIL ACTION to recover possession of Real Estate, tried at Fall Term, 1876, of IREDELL Superior Court, before *Buxton, J.*

The facts are stated in *Clarke v. Wagner,* 74 N. C. 791.

Verdict and judgment for defendants. Appeal by plaintiff.

*Messrs. M. L. McCorkle* and *R. F. Armfield,* for plaintiff.
*Messrs. Scott & Caldwell,* for defendants.

PEARSON, C. J. This case was before us at January Term, 1876, reported in 74 N. C. 791. The reporter sets out a correct and well engraved plat of the localities, material to the question of boundary, presented in the case.

CLARKE *v.* WAGNER.

The finding of the jury, that Island No. 1 was *the* Island called for in the Houston grant, is decisive of the case.

The upper end of the Island is the beginning corner. The lower end of the Island is the second corner. The "course and distance" in the grant from the "upper end of the Island to the lower end," do not hit the lower end of the Island, and is out of the case. We suppose that circumstance was allowed due weight by the jury as to Island No. 1 and Island No. 2. The corner of the upper end of the Island which is fixed by the verdict to be Island No. 1, and the corner at the lower end of the Island, are natural boundaries which control course and distance and require a straight line from the one corner to the other even though it splits Island No. 1, unless there be some other description by natural boundaries to control the straight line from the one corner to the other. But the grant has such other description by natural boundaries which requires a departure from a straight line, to-wit; "including two small Islands;" and to fit in this description the line from the upper end of the Island to the lower end thereof must be made to run from the upper end of Island No. 1, to the upper end of Island No. 2; thence along its western margin to its lower end; thence a straight course to the lower end of Island No. 1—a fixed natural boundary—thence to the post oak corner, &c.

The point made by the astute counsel for the plaintiff, that a straight line from the lower end of Island No. 1, to the post oak corner is controlled by the "white oak" which is marked as "a fore and aft line tree," has nothing to rest on, for this is not a case of lappage. Both parties claim to the true line of the Houston grant, and that being fixed, settles the controversy.

PER CURIAM.                          Judgment affirmed.