J. B. MILLER and others v. BARTLETT BRYAN and wife.

*Arbitration—Boundary.*

1. Where an arbitrator intends to be governed by the rules of law but misconceives them, he may be reviewed.

2. In determining the boundary of land, none of the calls must be disregarded when they can be fulfilled by any reasonable way of running the lines, which will be deflected only when necessary to give effect to the intent of the parties as expressed in the instrument.

(*King* v. *Neuse Manufacturing Company*, 79 N. C., 360; *Long* v. *Long*, 73 N. C., 370; *Clarke* v. *Wagner*, 76 N. C., 463, cited and approved.)

CIVIL ACTION heard upon exception to the report of a referee at Fall Term, 1880, of WATAUGA Superior Court, before *Bennett, J.*

The report was confirmed and the defendants appealed.

No counsel for plaintiffs.
*Mr. D. M. Furches,* for defendants.

SMITH, C. J. The controversy is one of boundary, and by consent of parties at spring term, 1878, the matter was " referred to W. W. Lenoir to find the facts and the law, and his decision to be final." After several continuances, he made his report accompanied with a plat of the disputed land at fall term, 1880, the substance of which, so far as is necessary to a proper understanding of the point presented in the appeal, is as follows :

The northeast corner of the defendants' tract of land is admitted to be at the place designated by figure 2, and the lines as claimed by the opposing parties running thence southward diverge and terminate respectively at figure 1 and the letter D in the southern boundary, the disputed land forming an elongated triangle included in these lines and a connecting line at their base. It was proved before

the referee, and he finds and so decides, that the southeast corner of the tract is at the terminal point marked with figure 1, at a white oak by the road in a Spanish oak now gone, which stood on the east side of and in contact with the white oak, and that the defendants' grant is a straight line from said corner to the white oak at 2 on the plat, and that the land in dispute is not included in his grant.

The plaintiffs derive title from the state to a tract of forty acres, which calls for a line running east one hundred and twelve poles, co-incident with the northern boundary of the defendant Bryan's land—"to his (Bryan's) corner" at 2, its admitted position, and then proceeds "south with his line eighty poles to a Spanish oak in David Miller's line, thence east," &c. The Spanish oak mentioned according to the referee's finding, is now but a stump, and stands a short distance east from the eastern boundary of the defendants' land as established by him.

The referee decides that the boundary of the forty acre tract, under the descriptive words used in the grant, must pursue Bryan's land, as located, until it reaches a point opposite and nearest to the stump, and run thence direct to the stump, thus enclosing the disputed territory within its limits.

The referee further finds that by virtue of a continuous possession for more than seven years before the suspension of the statute of limitations, under a deed from the defendant to certain school commissioners, the plaintiffs had lost their title to the part of this territory, north from and above the stump to a poplar, in the line from 1 to 2, but still owned the land above to the apex of the triangular space, and were entitled to recover the same with the costs of the suit.

The defendant excepts to the referee's conclusion of law as to the location of his line, and assigns for cause that it should run a direct line from the conceded corner at 2 to the stump, and thus divide the tracts.

While a referee or arbitrator under the terms of such a reference, when his award or report upon its face shows that he intended in making it, to be governed by the principles of law, but has misconceived and misapplied them in reaching his conclusion, may be reviewed and his errors in law corrected, (*King* v. *Neuse Man. Co.*, 79 N. C., 360,) we concur in the rulings of the referee, upon the ascertained facts as to the manner of running the controverted line.

1. His location meets all the requirements of the grant and adjusts the line to all the descriptive words employed in defining it, while no other location will. The line runs from the starting corner the distance specified—"*with his* (the defendant's) *line*" fixed by the referee—"*to the Spanish oak in David Miller's line.*" A well settled rule in determining the boundary lines of a conveyed tract of land, allows none of its calls to be disregarded, when they can be fulfilled in any reasonable way of running the lines around the land. They will be deflected when necessary to give effect to the instrument and carry out the intent of the parties, from a single into several lines. Thus when a boundary is described as beginning at an ascertained point, and running thence direct " to Ramsey's ford, so however as to include the cleared part of Shingle Island," and a direct line between those termini would exclude the island altogether, it was held that it must go to the " cleared part " around it, and thence to the ford, thus making this a bent and angular boundary instead of a single and straight line. *Long* v. *Long*, 73 N. C., 370. Again in *Clarke* v. *Wagner*, 76 N. C., 463, the island called for in the grant having been identified by the verdict of the jury, its upper end was established as the beginning, and the lower end as the second corner. These being natural objects, the line would be run direct from the one to the other, but that it is described as " including two small islands " and to fit it to this description, it was decided it must run from the upper end of the first island to the upper

end of the second, then along its western margin to its lower end ; and thence a direct course to the lower end of the first island, thus pursuing a tortuous course in order to embrace both the islands.

2. If the location of the defendants' line as fixed by the finding of the referee upon the evidence, remains, and the plaintiffs' line instead of pursuing it deviates and diverges, as the defendant claims it should, there would be vacant land uncovered by either title, while it is manifest there is but a single dividing line up to which the parties must hold on the respective sides of it.   That must be when one or the other party claims it to be, and as that of the defendants' earlier grant is determined by own terms, and has been fixed by the referee, it follows unavoidably that the plaintiffs' tract must come up to that line, and embrace all outside of it. The referee does not undertake to pass upon the title to the disputed territory, south of the stump, but leaves either party in possession of his legal rights therein.

The exception must be overruled and the judgment below affirmed.

No error.                                         Affirmed.