CHARLES J. BONAPARTE v. WILLIAM M. CARTER et al.

*Boundary—Beginning Corner—Natural Objects—Parol Evidence.*

When the boundaries in a grant recited " Beginning on the side of Gallon Creek, at a small oak, corner John Edwards, thence," &c., *parol* evidence is admissible to show that the beginning point, "John Edwards' corner," is three hundred yards from the creek.

This was an ACTION to recover land, tried at Fall Term, 1889, of MONTGOMERY Superior Court before *Merrimon, J.*

Plaintiff introduced a grant from the State to James Nall for 300 acres, dated 7th June, 1799, and showed intermediate conveyances and descent of the land embraced in said Nall grant to himself, and offered evidence tending to locate the same, so as to cover the land in dispute, and showed the defendants in possession of a part of the lands embraced in the said Nall's grant, to-wit, all of the part in dispute.

The defendants offered in evidence a grant to Humphrey Ballard, dated 11th October, 1783, for 193 acres, containing the following boundaries : " Beginning on the side of Gallon Creek at a small oak, corner John Edwards; thence north 200 poles to a pine between a post oak and pine ; thence east 140 poles to a black oak, a line-tree of Mark Bennett's; thence south 236 poles to a white oak, a corner of said Edwards; thence north 74° west 146 poles to the beginning."

The defendants, in attempting to locate this grant, offered parol testimony for the purpose of showing that the beginning corner of the said Ballard grant started at a point 300 yards distant from Island Creek (which it is agreed by counsel is the same as Gallon Creek), and defendant himself, being examined, states that Island Creek is a well-known creek with an average width of 12 feet, having in many places bottom but no swamp lands; that the land on either

side is rolling; that the point at No. 1, as contended for in the Ballard grant, is about 300 yards from the creek; that opposite No. 1, in the direction of the creek, is a hillside running down to the creek; that on the east side of the creek, and between the creek and No. 1 on plat, there is plenty of white oak trees, and more than any other kind. There are two bluffs. Above the bluffs it is cleared on both sides of the creek, and below the bluffs the bottoms are cleared on both sides of the creek.

Upon this statement of facts, and in apt time, plaintiff insisted that the defendant is confined to the bank of Island Creek for the beginning corner, and cannot locate a beginning corner 300 yards from the bank (or side).

The Court declined so to rule, and the plaintiff excepted. The Court ruled that the beginning corner is a small oak, corner of John Edwards, and that defendants might, if they could, show by parol that this corner is at No. 1 on the plat, which is admitted by defendants to be 300 yards from the bank of Island Creek.

Upon this ruling of the Court, plaintiff submitted to a nonsuit, and appealed.

*Messrs. Geo. V. Strong, R. T. Gray, E. R. Stamps, H. B. Adams, D. Covington* and *J. D. Shaw* (by brief), for plaintiff.
No counsel *contra*.

CLARK, J.: The defendants offered in evidence a grant with the following boundaries: "Beginning on the side of Gallon Creek, at a small oak, corner John Edwards', thence," &c. In attempting to locate this grant, defendants offered parol evidence to show that this beginning corner was three hundred yards from the creek. Plaintiff insists that the defendants are confined to the bank of the creek for the beginning corner, and cannot locate it three hundred yards from the bank. The Court ruled that the beginning corner

is "a small oak, corner of John Edwards'," and that the defendants might, if they could, show by parol that this corner is at No. 1 on the plat, which is admitted by the defendants to be three hundred yards from the bank of the creek. Upon the ruling of the Court, plaintiff submitted to a nonsuit and appealed.

We think this ruling was correct. The side of the creek is not called for as a boundary, but merely as a description of the locality of the beginning point, which is "a small oak, John Edwards' corner." If that can be identified, an inaccuracy in the description of the locality will be disregarded. *What* is the beginning point is a matter of law for the Court to declare. This it did correctly. *Where* it is, is for the jury to say, and the Court so held. The objection is, in effect, that the Court did not hold that though "a small oak, John Edwards' corner" might be identified, it could not be held to be the beginning corner unless it stood on the bank of the creek.

This is not the case where two natural objects, a creek and a marked tree are both called for, and the question arises which shall govern. The case now presented is where a marked tree is described as located on the side of a creek. Inquiry is, which shall govern, the tree, as it is actually located, or as described to be located? The failure of the description may make it difficult to satisfy the jury that the tree claimed to be the "small oak, John Edwards' corner," is such. But if the evidence is sufficient to identify it, the inaccuracy in describing the locality as "on the side of the creek," when it is three hundred yards off, cannot be allowed to vitiate the grant. The exact point has never been decided in this State, but in *Murray* v. *Spencer*, 88 N. C., 357, the Court intimates that when a marked tree in the line of another tract is called for, and the marked tree called for is identified, but is not in the line of the other tract, that the tree will be held the true corner, and the misdescription

of it, as being in such other line, will be disregarded. And the point is expressly so held by Judge STORY in *Cleveland* v. *Smith*, 2 Story, 278.

A case still more nearly in point is *Wilson v. Inloes*, 6 Gill (Md.), 121. It is there held that where the beginning corner is "a bounded (marked) tree by the side of a branch," the expression as to the branch is merely descriptive of the general locality of the tree, and not an imperative call locating the spot where the tree stood. The Court say: "The words 'by the side of the branch' are no identification of a particular spot where the tree must have stood. The commencement of the line at any one of ten thousand different spots by the branch side, at great distance from each other, would comply with such a description of the beginning. Such a rule would be productive of the greatest uncertainty."

If the "small oak, John Edwards' corner," is identified to the satisfaction of the jury, these definite words will not be controlled by the general and indefinite, and, it may be, inconsistent expression, "on the side of the creek."

No error.