J. M. MITCHELL v. W. S. WELBORN et al.

(Filed 9 December, 1908).

### 1. Deeds and Conveyances—Controlling Calls.

A definite call in a deed or grant for a corner or line of an adjoining tract of land, which is known and established, will control the course and distance, unless it is made to appear that, with a view of making the deed, and by physical survey, a different corner was established, or a different line was actually run and marked, and the instrument was executed by the grantor with the intent, at the time, to convey the land according to this actual survey.

### 2. Same—Misleading Instructions.

Where the right of the parties depended on the correct location of a grant to J. W., and this grant for its beginning corner called for a W. O. and gum, the beginning corner of grant to Benjamin Johnston, and there was evidence on the part of defendant tending to fix this corner of the Johnston grant at "A," it was reversible error to charge the jury that "they should locate the grant to Benjamin Johnston, if they could, and use the evidence thereon to aid them in locating the James Welborn grant." For if the corner of the Johnston grant, called for as the beginning course of the Welborn grant, was fixed and established its correct location, on the facts presented, would fix and control the location of the beginning corner of the Welborn grant, and the jury should have been so instructed.

ACTION tried before *Ferguson, J.,* and a jury, March Term, 1908, of WILKES.

Plaintiff showed title having its origin in a grant of 600 acres from the State to James Welborn, bearing date 14 November, 1808. Defendant, under a grant, conveying the land in controversy to E. M. Welborn, bearing date 12 October, 1890; and the matters at issue were made to depend, chiefly, on the proper location of the 600 acre grant to James Welborn. The plaintiff claimed, and offered evidence tending to show, that the correct location of this older grant was as indicated on the plat by the figures 1, 2, 3, 4 then east to 5, and then

around, according to the course and calls of the grant, to 7,
·etc.   The defendant claimed that the correct location began
at .A., and as indicated in the plat by the letters A. B. C. D.,
and then east to E., and so around the course and calls to
F. and G., etc.    The *locus in quo* was between the lines 4
and 5, and the lines D. and E., so that if plaintiff's claim

was established, the James Welborn grant, having its north-
ern line at this point from 4 to 5, would include the *locus
in quo*, and the plaintiff would prevail.   The portion of the
plat considered necessary to an understanding of the case,
is hereto annexed, showing also the location of a grant to
Benjamin Johnston, bearing date 1779, called for and refer-
red to in the James Welborn grant, and indicated in the
map, according to plaintiff's contentions, by the letters A.
B. C. 4.

1. Location of James Welborn 600 acre grant, 14 November, 1808, as claimed by plaintiff, beginning at 1, white oak and gum, runs to 2, then to 3, then to 4, then east to 5, and, if correct, includes the *locus in quo.*

2. Location of James Welborn grant, as claimed by defendant, A. B. C. D., then east to E., and, if correct, excludes *locus in quo,* making defendant's grant good.

3. Location of Benjamin Johnston grant, as claimed by defendant, A. B. C. 4.

On issues submitted there was verdict for plaintiff, judgment on verdict, and defendant excepted and appealed.

*R. Z. Linney* and *L. M. Lyon* for plaintiff.
*Finley & Hendren* and *Manly & Hendren* for defendant.

HOKE, J., after stating the case: We have given this case most careful consideration, and are of opinion that there should be a new trial of the issues. The decisions of this Court are to the effect that when there is a definite call in a grant or deed for a corner or line of another tract of land, which is known and established, such call will control the course and distance. *Whitaker v. Cover,* 140 N. C., 280; *Dickson v. Wilson,* 82 N. C., 487; *Corn v. McCrary,* 48 N. C., 496. This is certainly true unless it is made to appear that, with a view of making the deed, and by physical survey, a different corner was established, or a different line was actually run and marked, and the instrument was executed by the grantor with the intent, at the time, to convey the land according to this actual survey. *Elliott v. Jefferson,* 133 N. C., 207; *Baxter v. Wilson,* 95 N. C., 137.

And we are of opinion that defendant has not had the benefit of this principle in the trial of the cause, and that reversible error, in this respect, was committed to his prejudice. As heretofore stated, the plaintiff derived title from the 600 acre grant to James Welborn, and his right to recover was made to depend largely on its correct location. The calls

of this grant, relevant to the exception we are now considering, are as follows:

"In consideration of money paid into our treasury by James Welborn, we hereby give and grant to him a tract of land containing 600 acres, 'beginning on the corner of a tract of land he bought of Ben. Johnston, a gum and white oak on the bank of the creek, runs south with said line 100 poles to a W. O., then east with said line 160 poles to a pine and B. O., thence N. 46 poles to four oaks and a pine, Ben. Johnston's corner, thence S. 29 to,' " etc.

It seems to have been admitted on the trial, and was assumed in the charge of the Court, that this land "he bought of Ben. Johnston," referred to a tract of land granted to one Benjamin Johnston in 1785, and coincided with it in description set forth in that grant, as follows:

"Beginning at a W. O. and gum on the east side of the creek below the falls, runs thence east 160 poles to a Spanish oak and gum, thence S. 100 poles to a pine and B. O. on a ridge, near Suirlook's path, thence W. 160 poles to a white oak on the hillside, thence N. 100 poles, crossing the creek, and including the Falls as by the plat hereunto annexed doth appear."

Here is a definite call of a corner of the Benjamin Johnston grant as the beginning corner of the Welborn grant, under which plaintiff claims, and an examination and comparison of the two descriptions give indication that this latter grant also calls for at least two of the lines of the Johnston grant, and all, or a portion, of a third line; and there was evidence offered on the part of the defendant tending to fix the corner of the Johnston grant, which was called for as the beginning corner of the Welborn 600 acre grant, at the point on the map indicated by the letter A., some 35 poles south and several poles west of the beginning corner, as claimed by plaintiff and established by the verdict.

In charging the jury on this question, the Court told them:

"It is competent for you to take into consideration the boundary of the grant to Ben. Johnston, the tract called for in the grant to James Welborn, and, if you can do so from the evidence, locate the Ben. Johnston grant, and use to assist you in locating the true line and corners of the James Welborn 600 acre grant, the evidence which you get in regard to the location of the Ben. Johnston grant." So far as we discover, this is all the effect given in the charge to the calls and location of the Benjamin Johnston grant, whereas, the beginning corner of the plaintiff's grant, being definitely described as "a corner of the Benjamin Johnston grant, a gum and white oak on the bank of the creek," coinciding with the Johnston grant in two, at least, of the lines of that grant and perhaps more, a correct application of the authorities cited requires that the jury should have been told that, if the corner and lines of the Johnston grant, called for in plaintiff's grant, were located and established, they would control the location of plaintiff's grant to that extent, and the issues between them should be considered and determined on that principle. This, we think, was not merely an omission waived, by failure to make a specific request for instructions, but, on the facts presented, it was, in effect, a direction to the jury to locate the Johnston grant if they could, and use it, or the evidence bearing on it, to assist them in determining the true location of plaintiff's grant; and the jury were thus improperly given the impression that this was all the effect they were required to give the location or the evidence bearing upon it. It may be that, if the beginning corner of plaintiff's grant should be fixed, as defendant contends, the correct location of the subsequent courses and calls of the plaintiff's grant would place the boundary so as to include the *locus in quo*. There is certainly evidence in the record tending to support such a position, but the location of the beginning corner is directly relevant to the enquiry, and so much so that we think the defendant is entitled to

have the question of location submitted to the jury with a correct charge concerning it.

The decision of this Court in *Moore v. McClain*, 141 N. C., 473, in no way conflicts with the disposition we make of the present appeal. That case dealt chiefly with the proper methods and burden imposed upon the claimant in the location of a deed containing descriptions both by course and distance, and also by call for natural objects, and on that question it was held as follows:

"2. When, in addition to course and distance, natural objects, marked trees or lines or other tracts are called for, in a grant or deed, these, when shown, will control course and distance, but the duty is not imposed upon those claiming under such a grant or deed to locate, or make reasonable search for, the natural objects before they can rely upon the calls for course and distance."

And on the question discussed here, to-wit, the effect of the location of natural objects, and the lines of other tracts, when properly established, the opinion quotes with approval from that of *Smith, C. J.*, in *Redmond v. Stepp*, 100 N. C., 217, as follows:

"If only course and distance are given, and the beginning is found, the line will run by course and distance. But when, in addition to course and distance, natural objects, marked trees or lines of other tracts are called for, these, when shown, will control course and distance, and must be reached by a further extension, or shortening of the line, so as to reach such objects, trees, or adjoining tracts. If none such can be found, then the course and distance must be the guide in fixing the boundary."

For the error indicated, the defendant is entitled to a new trial of the cause, and it is so ordered.

New trial.