## H. A. MILLARD v. J. L. SMATHERS.

(Filed 22 December, 1917.)

**1. Boundaries—Deeds and Conveyances—Intent—Interpretation—Ejectment.**

The intent of the parties in a deed to land as to its boundaries, as expressed in the entire instrument, should be given effect, and in ascertaining such intent, that which is definite and specific shall prevail over that which is uncertain, and in case of conflicting descriptions that cannot be reconciled, the courts will adopt that construction which best comports with the manifest intention of the parties and the surrounding circumstances of the case at the time the instrument was executed.

**2. Same—Calls—Straight Lines.**

None of the calls in a deed to lands shall be disregarded when they can be fulfilled by any reasonable way of running the lines, and this requirement will be defeated only when it is necessary to give effect to the intention of the parties as expressed in the instrument, justifying, in proper instances, a departure from a straight line called for between two established calls and requiring at times the running of two or more lines instead of one.

**3. Same—Fixed Corners—Line Deflected.**

When the call in a deed to lands is along a recognized line to a known or established corner, and the line does not go to such corner, the usual rule of location is to run the line of the description as far as it will go, or to the nearest point to the corner called for and thence a direct line to the corner.

**4. Deeds and Conveyances—Tenants in Common — Plats — Interpretation— Intent.**

Where lands are divided by tenants in common, according to a survey, by executing deeds for the separate parcels, referring to each other and also to a common plat, accordingly made, for a more particular description of the property, such deeds should be construed together and with the plat referred to, in ascertaining the intent and meaning of the parties.

**5. Same—Boundaries—Fixed Corners — Buildings — Deflected Lines—Ejectment.**

Where the location of the true divisional line between adjoining city lots is in dispute between parties who formerly held the lands in common

and it appears that they have interchanged deeds to their respective lots, according to a plat made by a surveyor for this purpose, and have referred to this plat in the deeds, for boundaries, etc., and that on the plaintiff's lot was a brick building mentioned in his deed which ran back from the street 100 feet of the given distance of 110 feet, and admitted corner being the corner of this building on the street, and there is nothing on the face of the deeds which gives or purports to give the width of the plaintiff's lot in the rear, or definite direction of the line, but the plat referred to places the further point as 16 feet from an alley which would cut off 3 feet from the corner of the building in the rear; *Held*, the building is considered as a part of the land conveyed, and the line in question should be run from the recognized corner at the street, taking the line of the building to the nearest point opposite the rear corner, according to the plat, 16 feet from the alley, and thence directly to the rear corner.

ACTION OF EJECTMENT, tried before *Shaw, J.,* and a jury at April-May Term, 1917, of BUNCOMBE.

On the trial it appeared that the six children, devisees and heirs at law of James Thomas, deceased, owned a certain business block in the city of Asheville, bounded on the north by Walnut Street and on the east by North Main Street (now called Broadway), and desiring to make partition of same by deeds, *inter partes,* had the lot surveyed and platted by B. M. Lee, an official surveyor for the city, and interchanged deeds for the separate parcels of date 28 December, 1897, and thereafter said heirs entered into the enjoyment of their respective portions and they and their grantees have since so occupied and possessed the same. That the plat in question referred to in each and all of the deeds "for a more particular description of the property," is set forth in the record, as follows:

That the lot on said plat designated as Lot E was assigned and conveyed to Mrs. Carlisle, one of the tenants in common, and has since been acquired by plaintiff; that designated on the plat as Lot D was assigned and conveyed to Mrs. Currie, another of the heirs at law, and at the time of partition had there was a brick store on Lot D filling the frontage on Main Street and running back 100 feet of the 110 feet depth of the lot, and that this store has, since partition, been continuously occupied and owned by Mrs. Currie and those claiming under her; that the description of Lot E appearing in the partition deeds is as follows:

"That certain lot of land with a small frame store thereon situated on the western side of Main Street, south of Walnut Street, designated as Lot 'E' on B. M. Lee's plat of the Thomas property, dated 26 November, 1897, attached to and recorded with a certain deed of even date herewith from said William D. Thomas and als. to said Gabrielle T. Pearson; said lot commencing on the western line of Main Street eighty-one 5-10 feet (81.5) south of Walnut Street, running thence southwardly

along the western line of Main Street and fronting thereon seventeen 67-100 (17.67) feet and running back between lines almost parallel, slightly oblique to Main Street, and along the southern line of an alley between lots 'E' and 'F' one hundred and ten feet (110) to an open court in the rear as shown by said plat, to which reference is hereby especially made for a more particular description of said lot."

That the description of Lot D as it appears in the partition deed is as follows: "A certain lot of land with a brick store thereon, now designated at No. 34, North Main Street, situated on the western side of Main Street, south of Walnut Street, said lot commencing at a point in the western line of Main Street 99.17 feet south of Walnut Street, running thence southwestwardly along the southern line of Main Street and fronting thereon twenty-five feet and running back between parallel lines slightly oblique to Main Street, one hundred and ten feet to an open court in the rear, being designated as Lot 'D' on the plat made by B. M. Lee, dated 26 November, 1897, attached to and to be recorded with a certain deed of even date herewith from said W. D. Thomas et al. to said Gabrielle T. Pearson, to which plat reference is hereby specifically made for a more particular description of said lot."

The plat in question disclosed that Lot E was just south of an alley and purported to have a frontage on Main Street of 17.67 feet and on an open court in the rear of 16 feet, and there was no dispute between the parties as to the corners or frontage on Main Street, the dispute arising as to the correct location of the divisional line from the Main Street corner back to proper corner on the open court on the rear of the property.

Plaintiff having acquired the title to Lot E, ascertained that by running the divisional line straight from his corner on Main Street to a point 16 feet from the alley, the rear portion of defendant's store was 3 feet and 8 inches over such line, and for this he brings suit.

On denial of plaintiff's claim, the following verdict was rendered:

1. Is the plaintiff the owner of the land described in the complaint? Answer: "Yes, all of it excepting that part of it covered by the brick store claimed by the defendant and indicated on the plat attached marked 'Exhibit X-Y. The Court's Plat. Thos. J. Shaw, Judge,' by the small letters *a, b,* and *c.*"

2. Is the defendant in the wrongful possession of said lands or any portion thereof? Answer: "No."

3. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: "Nothing."

The Court being of opinion that, if the jury believed the evidence, the issues should be so answered. There was judgment according to the verdict, and plaintiff excepted and appealed, assigning for error that

he should recover all of the lot to the line contended for by him, running straight to a point 16 feet south of the alley, and defendant appealed, assigning for error that he should be held to own all of the store and all of the open court back of the store and which would be covered by an extension of the store line to the rear of the lot.

*Merrimon, Adams & Johnston for plaintiff.*
*George H. Smathers for defendant.*

HOKE, J. These deeds, executed by the parties at the same time and for a common purpose, referring to each other and also to a common plat for a more particular description of the property, should be construed together in ascertaining the intent and meaning of the parties as expressed in the instruments and the plat annexed thereto. *Gudger v. White,* 141 N. C., 507.

Considering the case in that aspect and recurring to certain recognized principles in our law of boundary, it has been held:

1. "That the intent of the parties as expressed in the entire instrument must be supported and, in ascertaining such intent, that which is definite and specific shall prevail over that which is uncertain, and, in case of conflicting descriptions that cannot be reconciled, the courts will adopt that construction which best comports with the manifest intention of the parties and the surrounding circumstances of the case at the time the instruments are executed." *Ferguson v. Twisdale,* 137 N. C., 414; *Shaffer v. Hahn,* 111 N. C., 1; *Campbell v. McArthur,* 9 N. C., 33.

2. That none of the calls of the deed shall be disregarded when they can be fulfilled by any reasonable way of running the lines, which will be defeated only when necessary to give effect to the intent of the parties as expressed in the instrument. *Power Co. v. Savage,* 170 N. C., 625-629; *Bowen v. Lumber Co.,* 153 N. C., 366; *Clark v. Wagner,* 76 N. C., 463; *Long v. Long,* 73 N. C., 370. A position that has been, not infrequently, extended to justify a departure from a straight line between two established points and, at times, requiring that two or more lines be run instead of one.

3. That when a call of the deed is along a recognized line to a known or established corner and the line does not go to such corner, the usual rule of location is to run the line of the description as far as it will go or to the nearest point to the corner called for, and thence a direct line to the corner. *Boyden v. Hagaman,* 169 N. C., 199; *Shultz v. Young,* 25 N. C., 385.

Considering the record in view of these principles, it will appear that there has been no reversible error committed in the way the present case has been determined and certainly none that gives the plaintiff any just ground of complaint. A devise or deed for a house or store has been held to pass the land on which the same is situate, and such a building is frequently regarded as a monument of boundary sufficient at times to control course and distance. *Wise v. Burton,* 73 Cal., 166-170; *Bacon v. Bowdoin,* 39 Mass., 401; *Common Council v. State,* 5 Ind., 334;

*McMillan v. Solomon,* 42 Ala., 654; 2 Dwelin on Deeds, sec. 863. And, from a perusal of the deeds and plat and facts in evidence, it is perfectly manifest that it was the intent and meaning of these parties, as expressed in the instruments, that the holder of Lot D should have the store that was situate thereon; a substantial brick building, then erected, occupied as a business site before and since without let or hindrance, it would require very specific and definite description *ultra* to justify an interpretation that would require the parties engaged in a division of this property for their mutual advantage to shave off three feet and eight inches from the rear of the store and give it to the holder of the adjoining lot, and so far from having any sufficient description for such purpose appearing in the deeds or plat, the language of the instrument directly appertaining to the divisional line between the lots is very indefinite.. In that of plaintiff the call is from the recognized corner on Main Street "back between lines almost parallel, slightly oblique, to Main Street and along the southern side of an alley between Lots E and F, 110 feet to an open court in the rear, as shown by the plat." And that of defendant: "From the corners on Main Street back between parallel lines, slightly oblique, to Main Street, 110 feet to an open court in the rear, designated as Lot D on the plat."

It will be noted that the course of the divisional lines is not given, and there is nothing on the face of the deeds themselves which gives or purports to give the width of plaintiff's lot at the rear. The plat, however, "which, as shown in above copy, has become very much blurred and indistinct from time and use," gives this rear width as 16 feet. True, the surveyor testified that he did not measure this, and only put it down from an estimate by taking off other distances called for, but, taking the plat as affording data for the description, the certain definite calls of these deeds and plat by which this divisional line should be determined are the store, as far as it extends, and the next established point is the point in the rear 16 feet from the alley, lying north of the plaintiff's lot. Taking these two calls as the more definite data and applying the rules heretofore stated, the divisional line in question should properly run: Beginning at the recognized corner on Main Street, run the line of the brick store building to the nearest point opposite the rear corner, 16 feet from the alley and thence directly to the rear corner.

This is in accordance with the ruling of his Honor below, and, in our opinion, his decision should be affirmed in both appeals.

There is nothing in either *Loan Association v. Bethel,* 120 N. C., 344, or in *Davidson v. Arledge,* 88 N. C., 326, that in any way conflicts with these positions. In both of these cases, there was a full, accurate description of the boundaries, by course and distance, in the one case, and by this record a reference to the lot as designated on the plat of the town

BANK *v.* MURRAY.

in which a full description appeared, and it was held that these being the more definite descriptions, the same should prevail. There is decided intimation in the *Arledge case* that but for the very definite and particular description referred to, the boundaries of the lot, as determined by actual use and occupation, should be adopted. As we have endeavored to show, in reference to the divisional line, the description is not specific and these other and more definite data have been followed.

There is no error in either appeal, and the judgment of the lower court is affirmed.