VINCENT E. MASON, AND WIFE, CAROLYN K. MASON v. ROBERT L. ANDERSEN, AND WIFE, MARY S. ANDERSEN; LAKE FOREST ASSOCIATION, INC.

No. 7615SC952

(Filed 6 July 1977)

**Deeds § 22— conveyance subject to restrictions — no easement conveyed — no breach of covenant of seisin**

 Language in a deed from defendants to plaintiffs that "This conveyance is made and accepted subject to restrictive and protective covenants recorded in Book 174, Page 256, Orange County Registry" did not purport to convey the easement for use of a lake created by paragraph 13 of that document, since the deed was delivered subject to *restrictions*, not *easements*, and the privilege of using the lake was in no sense a restriction on the land in question and could not have been conveyed by a deed using the word "restrictions."

APPEAL by plaintiffs from *McLelland, Judge*. Judgment entered 16 June 1976 in Superior Court, ORANGE County. Heard in the Court of Appeals 9 June 1977.

The facts in this case are undisputed. On 13 September 1971 the Andersens, defendants, sold a lot of land to the Masons, plaintiffs. The lot was described as Lot 5, Block A, Section 11, Lake Forest Estates. It was conveyed by a warranty deed with full warranty of seisin and warranty against encumbrances, and in the space following the granting clause and the description of the land conveyed, and before the habendum clause, the following appeared:

 "This deed is delivered and accepted subject to those restrictions which are recorded in Book 174, at Page 256, Orange County Registry."

In Book 174 of the Orange County Registry, beginning at page 256, appears an untitled document which says, in pertinent part:

"KNOW ALL MEN BY THESE PRESENTS:

"That whereas, Mortgage-Insurance Corporation, a North Carolina Corporation with its principal office and place of business in the City of Burlington, Alamance County, North Carolina, is the owner of the following described real property:

A certain tract . . . in Chapel Hill Township . . . being all of that property shown on plat entitled 'Lake Forest Estates, Section III' . . . recorded in the office of the Register of Deeds for Orange County, North Carolina, in Plat Book 8, at page 70.

"And whereas, the owner has heretofore caused a plan of said land to be made, dividing the same into lots and streets and intends to convey said lands subject to restrictions and conditions affecting the use and occupancy of same;

"NOW, THEREFORE, the said Mortgage-Insurance Corporation, owner of the above described property, does hereby establish the following restrictions and conditions upon said land:

[There follow nine numbered paragraphs establishing many of the restrictive covenants common to residential housing subdivisions: e.g., lots shall not be used except for residential purposes; no residence shall be built on less than one lot; no swine shall be kept on the premises, etc. Then come]

"10. It is expressly understood and agreed between the owners of Lake Forest Estates, Section Three (3) and all subsequent purchasers of lots therein that all conveyances of lots of Lake Forest Estate, Section Three (3) are made subject to the foregoing covenants, conditions and restrictions . . . and shall be covenants running with the land and binding upon all parties buying lots in Lake Forest Estates, Section three (3) . . . .

"11. . . . the owners of property in Lake Forest Estates, Section Three (3), and their heirs, successors or assigns, may enforce the above restrictive covenants . . . .

"12. Invalidation of any one of these covenants by judgment or court order shall in no wise affect any of the other provisions . . . .

"13. The grantor herein reserves unto itself, its successors and assigns, the fee in Lake Forest and all water rights incident thereto, and the grantee specifically acknowledges that grantor is and shall remain the absolute owner thereof. The grantee herein, however, as an appurtenance to the lot herein conveyed, shall have and is hereby given the privilege of fishing, swimming and boating in Lake Forest [subject to certain limitations and conditions concerning assumption of risk and the range of permissible activities.] "

The Masons, at the time they purchased the lot in question from the Andersens, believed that they were purchasing the privilege of using Lake Forest in accordance with paragraph 13 set forth above. In fact, the Masons do not have the privilege of using Lake Forest. Only those landowners whose lots lie in Lake Forest Estates, Section 3, and whose title derives from Mortgage-Insurance Corporation have the privilege of using Lake Forest. The Masons' land lies in Section 11, not Section 3, of Lake Forest Estates, and their chain of title does not devolve from Mortgage-Insurance Corporation. Therefore, the Masons have been denied all access to Lake Forest.

On 26 November 1975, the Masons brought this action alleging that the Andersens breached their covenant of seisin in that they purported to convey as appurtenant to their land, an easement which they did not own, to wit: an easement purportedly entitling the Masons to the privilege of using Lake Forest. The Masons further alleged that they were damaged by this breach because their land was less valuable than it would have been with this easement. Both parties moved for summary judgment, and it was granted in favor of the Andersens. The Masons appealed. (The plaintiffs do not appeal from summary judgment entered in favor of Lake Forest Association, Inc., the corporation which presently holds title to Lake Forest in trust for its members.)

*Charles G. Beemer for plaintiff appellants.*

*Midgette, Page & Higgins, by Keith D. Lembo, for defendant appellees.*

ARNOLD, Judge.

The question presented by this appeal is whether the language in the Masons' deed, "This deed is delivered and accepted subject to those restrictions which are recorded in Book 174, at page 256, Orange County Registry," purports to convey an easement to plaintiffs. Plaintiffs argue that an easement is conveyed and that defendants have broken their covenant of seisin because they failed to convey the full estate described in the deed. We disagree with plaintiffs and affirm summary judgment for defendants.

G.S. 1A-1, Rule 56(c) provides:

" . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law . . . . "

The indisputable facts raise a question of law in the case at bar, i.e., whether the deed conveys an easement. Since there are no disputes as to material facts summary judgment is the proper procedure to reach final judgment.

A deed is to be construed by the court, and the meaning of its terms is a question of law, not of fact. *Brown v. Hodges,* 232 N.C. 537, 61 S.E. 2d 603 (1950), *reh. den.* 233 N.C. 617, 65 S.E. 2d 144 (1951). When the language used has a clear legal meaning there is not even room for construction; the only question is that of determining the applicable law. *Strickland v. Jackson,* 259 N.C. 81, 130 S.E. 2d 22 (1963). In the present case the language used in the deed does not purport to convey from the Andersens to the Masons an easement entitling the landowner to use Lake Forest. The deed states only that it is " . . . delivered and accepted subject to those *restrictions* which are recorded in Book 174, at Page 256, Orange County Registry [emphasis added]." A "restriction" as the word is used here is not any kind of "easement." "An easement is a right to make some use of land owned by another without taking a part thereof." *Builders Supplies Co. v. Gainey,* 282 N.C. 261, 266, 192 S.E. 2d 449 (1972). The land benefited is known as dominant land; that burdened is servient. Thus, while an easement might be a restriction on the servient land, it is in no sense a

restriction on the dominent land. In the present case, the land sold by the Andersens to the Masons was " . . . *subject to* those restrictions . . . [emphasis added]." In other words, by the terms used in the deed it was the servient land. Yet, manifestly, if the Masons had received as part of their estate in the land the privilege of using Lake Forest, their land would have been benefited not burdened; it would have been dominant, not servient. Thus, as a matter of law, the privilege to use Lake Forest was in no sense a "restriction" on the Andersen-Mason land and could not have been conveyed by a deed using the word "restrictions."

The instrument appearing in Book 174, at page 256, of the Orange County Registry, and incorporated by reference in the Masons' deed, does not use the word "restrictions" to describe the privilege, or easement, created therein to use Lake Forest. It refers " . . . to the following restrictions and conditions upon said lands," and thereafter nine paragraphs set forth limitations which could only be meaningfully described as restrictions. Next are two paragraphs which refer respectively to " . . . the foregoing covenants, conditions or restrictions . . . " and " . . . the above restrictive covenants. . . . " Next follows a single paragraph which refers to " . . . these covenants . . . , " and finally paragraph thirteen conveys the easement in Lake Forest. That paragraph speaks of "the privilege" which is " . . . an appurtenance to the lot conveyed. . . . "

By incorporating the document in Book 174, page 256, of the Orange County Registry there was an obvious attempt to impose the same restrictive covenants on the plaintiffs' property as existed on adjoining property. The restrictions referred to in plaintiffs' deed are those referred to in the first nine paragraphs of the incorporated document. However, the privilege created in paragraph thirteen is an entirely different animal, not imposed, and not conveyed in plaintiffs' deed.

Moreover, the words "This deed is delivered and accepted subject to those restrictions . . . , " are not words of transfer or conveyance. Therefore, the Masons' deed purports to give them nothing more than the fee simple described in its granting and habendum clauses. Since that fee was, in fact, conveyed, the covenant of seisin was not broken.

The Masons' deed purports to convey a fee simple in the described land, subject to certain restrictive covenants. It does

not purport to convey the privilege, or easement, entitling them to use Lake Forest. Summary judgment is

Affirmed.

Judges BRITT and VAUGHN concur.