BOYD H. ANDERSON, JR., TRUSTEE v. THE JACKSON COUNTY BOARD OF EDUCATION, A BODY CORPORATE

No. 8430SC1237

(Filed 3 September 1985)

1. **Deeds § 12.2— reverter clause—subsequent conveyance of reversionary interest**

   The trial court erred by concluding that Log Cabin Associates never conveyed to plaintiff's predecessor in title a possibility of reverter where Log Cabin had conveyed a tract to defendant in 1949 with a reverter if the premises ceased to be used for public school purposes; in 1962 Log Cabin conveyed to plaintiff's predecessor in title several tracts, including the lot held by defendant, with the deed being subject to the 1949 deed to defendant; and Log Cabin filed articles of dissolution in 1963 and conveyed all its assets to a foundation, which conveyed to defendant the contingent reversionary interest. The 1962 deed from Log Cabin to plaintiff's predecessor in title did not contain a reference to a 1949 deed in the description of parcel 7, which included the tract in question, while the description of another parcel included an exception; the parcels conveyed in 1962 were expressly "subject to" five enumerated deeds, including three right of way deeds in the 1949 deed, so that it was clear that the grantor's intent was to convey all of its interests subject to interests previously conveyed and not within its power to convey; and the interest in question is a possibility of reverter and not a covenant, restriction, or easement, to all of which the 1962 conveyance was subject.

2. **Deeds § 12.2— possibility of reverter—no conflict with granting or habendum clause**

   The rule that a clause inserted other than in the granting or habendum clause which is repugnant to the unqualified fee granted in those clauses is mere surplusage does not apply where the language creating a fee simple determinable and possibility of reverter is contained within the habendum clause.

APPEAL by plaintiff and defendant from *Downs, Judge.* Judgment entered 23 August 1984 in Superior Court, JACKSON County. Heard in the Court of Appeals 19 August 1985.

This is an action to quiet title to a parcel of land in which plaintiff claims a fee simple absolute interest. In his complaint, plaintiff alleged that in 1949 Log Cabin Association, Inc., conveyed to defendant a fee simple determinable, reserving a possibility of reverter in the event that the land in question ceased to be used for public school purposes. Plaintiff further alleged that he has, by mesne conveyances, become vested with this possibility of reverter, and that the title to the property automatically reverted to him on or about 16 July 1981, when defendant ceased using the land for school purposes. Defendant answered, denying the material allegations of the complaint and asserting several affirmative defenses and a "counterclaim" for fee simple title to the land. The matter came on for determination on written stipulations filed by the parties and on 23 August 1984 Judge Downs entered an order "dismissing" plaintiff's action. Plaintiff appealed, and defendant cross-appealed.

*Redmond, Stevens, Loftin & Currie, P.A., by Thomas R. West, William Clarke and Gwynn G. Radecker, for plaintiff, appellant and appellee.*

*Holt, Haire & Bridgers, P.A., by W. Paul Holt, Jr., Margaret C. Robison, and Ben Oschel Bridgers, for defendant, appellant and appellee.*

HEDRICK, Chief Judge.

Plaintiff's central contention on appeal is that the court erred in its conclusion of law that:

The possibility of the reverter . . . was never conveyed by the said Log Cabin Association, Inc. to any of its successors in title in any of the deeds referred to in Findings of Fact No. 4, 5, and/or 6, and specifically was not conveyed to the plaintiff herein; therefore, the plaintiff has no proprietary interest in the said possibility of reverter.

The following facts are uncontroverted:

On 23 February 1949 Log Cabin Association, Inc. (hereinafter Log Cabin), executed a quitclaim deed in favor of defendant, in which Log Cabin purported to "justly and absolutely dedicate, remise, release and forever quit claim unto the party of the sec-

ond part and to its successors and assigns forever, all such right, title and interest as the party of the first part has or ought to have" in a 4.43 acre tract of land described therein. Following the description of the land, the deed contains a provision "[r]eserving and excepting" a right of way for a road, not pertinent to the instant case. The habendum clause, which follows the reservation of the right of way, contains the following language:

> To HAVE AND To HOLD the above-released premises, subject to the right of way reserved therein, unto the party of the second part and its successors and assigns to it and their only proper use and behoof forever; so that neither the party of the first part nor any other person in its name and behalf shall or will hereafter claim or demand any right or title to said premises or any part thereof by virtue of any claim or right now existing in the party of the first part shall, by these presents, be excluded and forever barred, upon the condition that in the event a new public school building is not erected upon the above described land within a period of two (2) years from the date of this deed or in the event that at any time thereafter the premises hereby dedicated should cease to be used for public school purposes, then and in either of those events, the premises hereby dedicated shall revert to the party of the first part, its successors and assigns.

A public school was built on the property in 1949, and the property was used "for public school purposes" until 1 June 1980, at which time defendant ceased such use and resolved to sell the property.

On 15 June 1962 Log Cabin executed a warranty deed in favor of Kelley W. Byars, as trustee, in which it purported to convey twelve described parcels of land "subject to the exceptions and reservations hereinafter set forth." The record contains the following stipulation:

> 10. It is stipulated that the real property described by metes and bounds in Deed Book 180 at Page 229, Jackson County Registry, said deed being from Log Cabin Association, Inc., to the Jackson County Board of Education is physically located within the lines and boundaries of Parcel 7 as said Parcel is described in Deed Book 259 at Page 162,

Jackson County Registry, said deed being from Log Cabin Association, Inc., to Kelley W. Byars, Trustee and being dated June 15, 1962.

Parcel 7 contains approximately forty-one acres, including the 4.43 acre lot then held by defendant "for public school purposes." The deed from Log Cabin to Byars provided that the twelve parcels

> are sold and to be conveyed subject to the following:
>
> . . .
>
> (3) Deed dated February 23, 1949, recorded at Book 180, page 229, to Jackson County Board of Education;
>
> . . .
>
> (6) Any other covenants, restrictions and easements, contained in prior instruments of record.

The record shows that Mr. Byars, as trustee, conveyed the property to C. Shelby Dale, as trustee, by a deed dated 17 January 1964 containing language identical to that quoted above, and that Mr. Dale conveyed the property to plaintiff on 3 August 1964, incorporating by reference the "description . . . reservations, exceptions and encumbrances" set out in the 17 January 1964 deed. On 4 February 1963 Log Cabin filed articles of dissolution, providing that the corporate assets be distributed to Samuel H. Kress Foundation. On 10 March 1978 Samuel H. Kress Foundation executed in favor of defendant a deed purporting to convey the "contingent reversionary interest" reserved by Log Cabin in the 1949 deed.

[1] Resolution of the issue presented on appeal depends on the meaning of the provision contained in the 15 June 1962 deed from Log Cabin to Byars, stating that the premises conveyed are "subject to" the 1949 deed. Plaintiff contends that this clause "means that Log Cabin was conveying all its interest in the 'premises' to Kelly W. Byars but Byars' interest would be subordinate to all other interests such as easements and determinable fees which Log Cabin had previously deeded away." Defendant, on the other hand, contends that the language "excepts the deed to the Board of Education. It does not except the interest conveyed to the

Board of Education, or the property conveyed to the Board of Education. It excepts the entire contents of the deed, including the possibility of reverter."

It is well settled that "in construing a deed the discovery of the intention of the grantor must be gathered from the language he has chosen to employ, and all parts of the deed should be given force and effect, if this can be done by any reasonable interpretation. . . ." *Cannon v. Baker,* 252 N.C. 111, 113, 113 S.E. 2d 44, 46 (1960) (*quoting Griffin v. Springer,* 244 N.C. 95, 98, 92 S.E. 2d 682, 684 (1956)). "A deed is to be construed by the court, and the meaning of its terms is a question of law. . . ." *Mason v. Andersen,* 33 N.C. App. 568, 571, 235 S.E. 2d 880, 882 (1977).

In the instant case, our examination of the 1962 deed in its entirety causes us to conclude that the court erred in its conclusion of law that the possibility of reverter was never conveyed by Log Cabin to plaintiff's predecessor in title. We first note that the deed in question purports to convey, "subject to the exceptions and reservations hereinafter set forth, all those certain pieces, parcels or tracts of land," described thereafter. Parcel 7, which contains within its boundaries the 4.43 acre tract that is the subject of this action, contains no reference to the 1949 deed from Log Cabin to defendant. Immediately after the description of Parcel 11, on the other hand, the following provision appears:

*EXCEPTIONS:* The party of the first part excepts from the operation of this deed, the portion of the above-described land heretofore conveyed and described in the following deed:

There follows an identification of the deed and description of the land excepted. Had Log Cabin similarly excepted from operation of the 1962 deed the land conveyed and described in the 1949 deed, there would be little doubt as to the grantor's intention to retain its interest in that land. We find Log Cabin's omission in this regard significant in our inquiry as to its intent.

We also note that the twelve parcels conveyed are, under the terms of the deed, expressly made "subject to" five enumerated deeds previously recorded. One of these, of course, is the 1949 deed from Log Cabin to defendant. Three of the others are denominated "right of way deed[s]." We think it clear that the

grantor's intent, in making the 1962 conveyance "subject to" previously recorded right of way deeds, was to convey to Byars all of its interest in those parcels, subservient to previously granted rights of way. The grantor's placement of the reference to the 1949 deed in this section of the instrument gives credence to plaintiff's contention that the interests contained therein should be accorded similar treatment. The parties intended that all of the interest retained by the grantor should be conveyed to Byars, subject to those interests previously conveyed to others by the grantor, and thus not within the grantor's power to convey.

Defendant relies heavily on the clause in the 1962 deed providing that the conveyance was to be subject to "[a]ny other covenants, restrictions and easements, contained in prior instruments of record." We find defendant's reliance misplaced, however, because the interest in question is a possibility of reverter. This interest, retained by the grantor in the 1949 deed, is neither a covenant, nor a restriction, nor an easement, and is thus not affected by the clause relied on by defendant.

In conclusion, we point out that a grantor who executes a warranty deed conveying property that includes within its bounds a parcel in which the grantor holds a possibility of reverter would be well advised to clearly express his intention to retain that interest. In the present case, there is simply no indication or suggestion in the deed that Log Cabin intended to retain the possibility of reverter which it held, and there are several aspects of the deed, discussed above, that point to a contrary conclusion. Accordingly, we hold that the trial court erred in finding and concluding that the possibility of reverter never passed from Log Cabin to plaintiff by mesne conveyances.

[2] Defendant has appealed from that portion of the court's order concluding that the 1949 deed executed by Log Cabin in favor of defendant created a reversionary interest in Log Cabin. Defendant argues that "[t]he reversionary clause in the deed . . . was not valid," and that defendant consequently took a fee simple absolute interest in the property in 1949. Defendant's contention in this regard rests on its argument that "the language purporting to contain a reversionary interest [is] repugnant to the estate and interest conveyed in the granting and habendum clause." We do not agree.

It is well settled that ordinarily the granting clause in a deed identifies the grantee and the thing granted, while the habendum clause sets out the quantum of the estate granted. *Artis v. Artis*, 228 N.C. 754, 47 S.E. 2d 228 (1948). Defendant correctly states the law as follows:

> When the granting clause in a deed . . . conveys an unqualified fee *and the habendum contains no limitation on the fee thus conveyed* and a fee simple title is warranted in the covenants of title, any additional clause or provision repugnant thereto . . . inserted in the instrument as a part of, or following the description of the property conveyed, or elsewhere *other than in the granting or habendum clause,* which tends to delimit the estate thus conveyed, will be deemed mere surplusage without force or effect.

*Oxendine v. Lewis*, 252 N.C. 669, 672, 114 S.E. 2d 706, 709 (1960) (emphasis added) (citations omitted). Defendant is incorrect, however, in contending that this rule has application in the instant case, in which the language creating a fee simple determinable and possibility of reverter is contained within the habendum clause. See *Lackey v. Board of Education*, 258 N.C. 460, 128 S.E. 2d 806 (1963), in which our Supreme Court reached the same result on similar facts. Defendant's assignment of error is thus without merit.

The result is: The decision of the trial court is reversed, and the cause is remanded to that court for entry of a judgment declaring that defendant's interest in the property in question reverted to plaintiff as successor in title to Log Cabin when defendant ceased to use the property for public school purposes.

Reversed and remanded with directions.

Judges ARNOLD and COZORT concur.