ELLIOTT v. COX

[100 N.C. App. 536 (1990)]

---

LOUISE WHITE ELLIOTT, DAVID JOSEPH WATTS AND GWENDOLYN K. BELL v. JEANETTE B. COX AND HUSBAND, GARY F. COX

No. 9013SC92

(Filed 30 October 1990)

1. Deeds § 12.3 (NCI3d) — construction of deed — conflicting clauses — life estate

In an action to remove a cloud upon title in which defendants claimed title through a deed from Edna Buffkin, the trial

ELLIOTT v. COX

[100 N.C. App. 536 (1990)]

court did not err by granting summary judgment for plaintiffs where only the language in the deed to Archie and Edna Buffkin was in issue and the granting, habendum and warranty clauses of the deed are all in accord and clearly express the grantor's intent to limit Edna Buffkin to a life estate. The introductory recital that defendants' claim creates a tenancy by the entirety is repugnant to the granting clause and must be disregarded. *Bowden v. Bowden*, 264 N.C. 296, does not stand for the proposition that an introductory title, by virtue of being first in the deed, will be given effect over granting, habendum and warranty clauses which are in accord with each other but inconsistent with the introductory recital.

**Am Jur 2d, Deeds §§ 234, 273, 277.**

2. **Deeds § 12.2 (NCI3d) — limitation over — death without heirs — surviving issue**

A grantee took a fee simple defeasible upon his death without surviving issue and his estate ended and the limitation over operated where he died survived by his wife but without surviving issue, despite language in the deed referring to surviving heirs.

**Am Jur 2d, Deeds §§ 328 et seq.**

APPEAL by defendants from order granting plaintiffs' motion for summary judgment and denying defendants' motion for summary judgment entered 16 December 1989 in COLUMBUS County Superior Court by *Judge Dexter Brooks*. Heard in the Court of Appeals 29 August 1990.

In 1937 P. V. Buffkin and wife, Lucy E. Buffkin, divided their land into three parcels and conveyed a parcel to each of their three children, Louise White [Elliott], Forest B. Culbreth and Archie Buffkin. This action to remove cloud of title involves the construction of the deed to Archie Buffkin.

In their 1937 deed conveying land to Archie Buffkin and his wife, Edna, P. V. and Lucy Buffkin included the following clauses. The introductory recital reads, "to Archie Buffkin and Edna Buffkin, his wife. . . ." The granting clause reads, ". . . and convey to said Archie Buffkin and Edna Buffkin and to Archie Buffkin['s] heirs and assigns. . . ." The habendum clause reads, "TO HAVE AND TO HOLD, . . . belonging to the said Archie Buffkin and Edna

Buffkin and to Archie Buffkin['s] heirs and assigns. . . ." The warranty reads, ". . . covenant with said Archie Buffkin, Edna Buffkin and his heirs. . . ." Following the warranty, the deed contains the following words, ". . . [I]t is understood that if the said Archie Buffkin, has no heirs at his death then this land goes to Forest B. Culbreth and Louise White or their heirs excepting however the life time right of the said P. V. Buffkin and Lucy Buffkin. . . ."

P. V. Buffkin died in 1952, Lucy Buffkin died in 1954, and Archie Buffkin died intestate in 1968 survived by his wife, Edna, but no lineal descendants. In a deed dated 9 June 1988, Edna Buffkin conveyed title to defendants before her death in March 1989. It is this deed that plaintiffs seek to have removed as a cloud on their title. The plaintiffs are Louise White Elliott and the heirs of Forest B. Culbreth. Both parties moved for summary judgment at trial. The trial court granted plaintiffs' motion and denied defendants' motion. Defendants appeal.

*Bryan, Jones, Johnson & Snow, by James M. Johnson, for plaintiffs-appellees.*

*McGougan, Wright & Worley, by Dennis T. Worley, for defendants-appellants.*

WELLS, Judge.

[1] Plaintiffs contend that the court should construe the 1937 deed to pass title to them subject to a life estate interest in Edna if she survived Archie and to declare void the 1988 deed from Edna Buffkin to defendants. Defendants contend that the court should construe the 1937 deed to create a tenancy by the entirety in Archie and Edna Buffkin and give full force and effect to the 1988 deed to defendants.

The materials presented to the court show that the facts in this case are not in dispute, and that only the language in the deed is at issue. "A deed is to be construed by the court, and the meaning of its terms is a question of law, not of fact." *Mason v. Andersen*, 33 N.C. App. 568, 235 S.E.2d 880 (1977). *See also Anderson v. Jackson Co. Bd. of Education*, 76 N.C. App. 440, 333 S.E.2d 533, *cert. denied*, 315 N.C. 586, 341 S.E.2d 22 (1985). A deed is to be construed to ascertain the intention of the grantor as expressed in the language used, construed from the four corners of the instrument. *Reynolds v. Sand Co.*, 263 N.C. 609, 139 S.E.2d 888 (1965).

ELLIOTT v. COX

[100 N.C. App. 536 (1990)]

Defendants contend that the introductory recital creates a tenancy by the entirety fee simple and that the following clauses although inconsistent do not affect the tenancy by the entirety. Defendants cite *Byrd v. Patterson*, 229 N.C. 156, 48 S.E.2d 45 (1948), for the proposition that ". . . slight inconsistencies in the designation of the grantees in the several provisions of the deed do not affect the nature of the estate conveyed. . . ." Defendants rely on the mistaken premise that the introductory recital in this deed is the granting clause. From this premise, defendants contend that inconsistencies exist in the deed and repugnant clauses should be discarded. We disagree.

The granting, habendum and warranty clauses of the deed are all in accord and clearly express the grantors' intent to limit Edna Buffkin to a life estate should she survive her husband. The estate created in the granting clause is not a tenancy by the entirety fee simple as defendants assert. As stated in *Byrd* ". . . in the event of any repugnancy between the granting clause and preceding or succeeding recitals, the granting clause will prevail." *Id. See also Johnson v. Burrow*, 42 N.C. App. 273, 256 S.E.2d 811 (1979). The introductory recital that defendants claim creates a tenancy by the entirety is repugnant to the granting clause and must be disregarded.

Defendants also contend that because the introductory recital is first on the deed that it takes priority. Defendants cite *Bowden v. Bowden*, 264 N.C. 296, 141 S.E.2d 621 (1965), for the proposition that where two clauses in the deed are repugnant, the first in order will be given effect and the latter rejected. *Bowden* involved a granting clause followed by an inconsistent habendum and warranty clause. We do not agree that *Bowden* stands for the proposition that an introductory recital, by virtue of being first in the deed, will be given effect over the granting, habendum and warranty clauses all of which are in accord with each other but inconsistent with the introductory recital.

Having found the language in the deed to be clear and the clauses free from inconsistency, we hold that the deed did not convey an estate in fee simple to Edna Buffkin.

[2] Finally, defendants contend in the alternative, that if the deed did not create a tenancy by the entirety then the limitation over still should not be given effect because Edna Buffkin was Archie

ELLIOTT v. COX

[100 N.C. App. 536 (1990)]

Buffkin's heir at law in 1968 pursuant to N.C. Gen. Stat. § 29-2(3), the Intestate Succession Act.

Assuming *arguendo* that Edna Buffkin was Archie Buffkin's sole heir when he died, this circumstance is of no avail to defendants. Our Supreme Court has stated and applied the following rule, which is applicable to the facts now before us:

> Applying the principle, it has been held in several of our decisions construing deeds of similar import that, in case of a limitation over on the death of a grantee or first taker without heir or heirs, and the second or ultimate taker is presumptively or potentially one of the heirs general of the first, the term 'dying without heir or heirs' on the part of the grantee will be construed to mean, not his heirs general, but his issue in the sense of children and grandchildren, etc., living at his death.

*Hampton v. Griggs*, 184 N.C. 13, 18-19, 113 S.E. 501, 503 (1922), *citing Pugh v. Allen*, 179 N.C. 309, 102 S.E. 394 (1920). Under the deed from P. V. and Lucy Buffkin, Archie Buffkin took a fee simple defeasible upon his death without surviving issue. *Jernigan v. Lee*, 279 N.C. 341, 182 S.E.2d 351 (1971). Archie's estate ended when he died without surviving issue, and the limitation over in his deed operated at his death to convey fee simple title to Forest B. Culbreth and Louise White or their heirs. *See also Webster, Real Estate Law in North Carolina*, § 39 (1988 Ed.).

For the reasons stated, the judgment of the trial court is

Affirmed.

Judges EAGLES and LEWIS concur.