An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-510

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014


GAYLORD J. PERRY, SR., and wife,
DEBORAH W. PERRY,

    Plaintiff,

v.

ORVILLE L. TILLETT, MARSHALL
TILLETT and JEANNETTE TILLETT
AMBROSE,

    Defendant.

Dare County
No. 07 CVS 902


Appeal by defendants from Order and Judgment entered 11 September 2012 by Judge J. Carlton Cole in Dare County Superior Court. Heard in the Court of Appeals 21 October 2013.


*Hornthal, Riley, Ellis & Maland, LLP, by M. H. Hood Ellis, for plaintiff-appellees.*

*Aldridge, Seawell, Spence and Hudspeth, LLP, by Christopher L. Seawell and W. Mark Spence, for defendant-appellants.*


STEELMAN, Judge.


Where a deed explicitly defined the boundary line between two tracts of real estate with reference to the natural features

of a ditch and a creek, the trial court erred in not partially granting defendants' motion for a directed verdict.

## I. Factual and Procedural Background

In 2001, Gaylord J. Perry, Sr. and wife Deborah W. Perry (plaintiffs) purchased a tract of land in Dare County from Joseph L. Land and Vanecia C. Land, by deed recorded in Deed Book 1353 at page 330 of the Dare County Registry (Land Tract). In 2004, plaintiffs purchased a tract of land in Dare County from William Morris Tillett, Kenny Tillett and Ann Tillett, by deed recorded in Deed Book 1561 at page 393 of the Dare County Registry (Tillett Tract). Together, these tracts ran in a generally east-west direction from Shipyard Road to the Croatan Sound. The Estate of Orville L. Tillett, Marshall Tillett and Jeanette Tillett Ambrose (defendants) own properties that abut the southern boundary of plaintiffs' property.

There is no dispute that the common source of title for the properties of plaintiffs and defendants was lands owned by Samuel and Elizabeth Mann. Defendants' property was conveyed out first by deed dated 9 January 1878 from Samuel Mann and wife Elizabeth Mann to Willis Tillett, recorded in Book A at page 507

of the Dare County Registry. The northern boundary of that tract was described as follows:

> ... thence N. 62 E. along a line of marked trees to a Juniper Post on the new main road to the S.E. corner, thence North Easterly to the head of the Fanny Payne ditch on the south side of said ditch running the S. side of said ditch to the Hammock Creek, thence along said creek and the S. side to Juniper Post & with the Hammock Creek ditch to the sound...

The title to plaintiffs' Land Tract comes from a deed dated 14 November 1887 from Samuel Mann and Elizabeth Mann to Samuel Tillett recorded in Book C at page 15 of the Dare County Registry. The title to plaintiffs' Tillett Tract comes from the Will of Samuel Mann, probated 8 October 1888 and recorded in Will Book 1 at page 52 in the Office of the Clerk of Superior Court of Dare County.

In the course of surveying these tracts, it was revealed that there was a substantial overlap of the descriptions for the properties of plaintiffs and defendants. On 14 November 2007, plaintiffs filed a complaint seeking to quiet title to their lands pursuant to N.C. Gen. Stat. § 41-10. Defendants filed answer on 1 May 2008. This matter was heard at the 20 August 2012 session of Superior Court before Judge Cole and a jury.

The following issues were submitted to, and answered by the jury:

ISSUE ONE:

Do the plaintiffs have marketable record title to the tract of land described in the March 13, 2001 deed to plaintiffs from Joseph L. and Vanecia C. Land in Book 1353, Page 330 of the Dare County Public Registry (which I will hereafter simply refer to as the "Land Tract")?

ANSWER: YES

ISSUE TWO:

Is the plaintiffs' title to tract of land described in the March 13, 2001 deed to plaintiffs from Joseph L. and Vanecia C. Land in Book 1353, Page 330 of the Dare County Public Registry (which I will hereafter simply refer to as the "Land Tract") superior to the title claimed by the defendants?

ANSWER: YES

ISSUE THREE:

Is the plaintiffs' title to tract of land described in the April 16, 2004 deed to plaintiffs from William Morris Tillett and Kenny Tillett in Book 1561, Page 393 of the Dare County Public Registry (which I will hereafter simply refer to as the "W.M. Tillett Heirs Tract") superior to the title claimed by the defendants?

ANSWER: YES

Defendants moved for a directed verdict at the close of plaintiffs' evidence, and at the close of all of the evidence. These motions were denied by the trial court.

On 11 September 2012, the trial court entered judgment in this matter, removing all of defendants' "claim of title, estate or interest" in plaintiffs' lands.

Defendants appeal.

## II. Scope of Defendants' Appeal

On appeal, defendants do not contest the trial court's judgment as to plaintiffs' "Land Tract" as reflected in the jury's answers to issues one and two. Pursuant to Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure, any objection to the judgment with regard to plaintiffs' Land Tract is deemed abandoned, and we hold that the judgment of the trial court is without error.

## III. Denial of Defendants' Motion for Directed Verdict as to "Tillett Tract"

### A. Standard of Review

> In determining the sufficiency of the evidence to withstand a motion for a directed verdict, all of the evidence which supports the non-movant's claim must be taken as true and considered in the light most favorable to the non-movant, giving the non-movant the benefit of every reasonable

> inference which may legitimately be drawn
> therefrom and resolving contradictions,
> conflicts, and inconsistencies in the non-
> movant's favor.

*Turner v. Duke Univ.*, 325 N.C. 152, 158, 381 S.E.2d 706, 710 (1989).

"On appeal the standard of review for a JNOV is the same as that for a directed verdict, that is whether the evidence was sufficient to go to the jury." *Tomika Invs., Inc. v. Macedonia True Vine Pentecostal Holiness Church of God, Inc.*, 136 N.C. App. 493, 498-99, 524 S.E.2d 591, 595 (2000).

### B. Analysis

We hold that the instant case is controlled by the case of *Pardue v. Brinegar*, 199 N.C. App. 210, 681 S.E.2d 435 (2009), *rev'd for reasons in dissent*, 363 N.C. 799, 688 S.E.2d 19 (2010). In *Pardue*, there was a boundary line dispute between two property owners. The dissent in the Court of Appeals held that the following was the appropriate standard of review for the trial court upon a motion for a directed verdict:

> A deed is to be construed by the court and
> not by the jury. *Wal-Mart Stores, Inc. v.
> Ingles Mkts., Inc.*, 158 N.C. App. 414, 417,
> 581 S.E.2d 111, 114 (2003) (quoting *Elliott
> v. Cox*, 100 N.C. App. 536, 538, 397 S.E.2d
> 319, 320 (1990)). "'The language of the deed
> being clear and unequivocal, it must be
> given effect according to its terms, and we
> may not speculate that the grantor intended

> otherwise.'" *County of Moore v. Humane Soc'y
> of Moore Cty., Inc.*, 157 N.C. App. 293, 298,
> 578 S.E.2d 682, 685 (2003) (quoting *Southern
> Furniture Co. v. Dep't of Transp.*, 133 N.C.
> App. 400, 403, 516 S.E.2d 383, 386 (1999)).
> Ordinary terms contained in a deed must be
> given their plain meaning. *Id.*

*Pardue* at 217, 681 S.E.2d at 440.

In *Pardue*, the deeds for both the plaintiff and the defendants called for a branch to be the boundary line between the properties. The dissent in the Court of Appeals held that the branch controlled as a natural boundary between the two properties. *Id*. at 218, 681 S.E.2d at 440. The jury verdict and judgment of the trial court called for two straight lines located on plaintiff's side of the branch as the boundary, rather than the branch itself. The dissent in the Court of Appeals held that the trial court erred in not granting the plaintiff's motion for a directed verdict, and this position was adopted by the North Carolina Supreme Court.

Applying the holding of *Pardue* to the instant case, we are compelled to reach the same result. The controlling deed (Deed Book A, page 507, Dare County Registry) calls for a boundary between plaintiffs' Tillett Tract and defendants' property to run from the head of the Fanny Payne ditch, thence along the south side of the ditch to the Hammock Creek, thence along the

south side of the creek to a juniper post, thence with Hammock Creek to the Croatan Sound.

Plaintiffs contend that there exists an ambiguity in the description of the boundary line because it says "along said creek" and not "with the creek." They further contend that this constitutes an ambiguity as to the intent of the grantor of the 1878 deed that required resolution by a jury. This is a distinction without legal significance. In *Pardue*, we cited to the case of *Tallahassee Power Co. v. Savage,* 170 N.C. 625, 87 S.E. 629 (1916) for the proposition that "[t]he Court considers it settled upon authority that up the river is the same as along the river, unless there be something else besides course and distance to control it." *Pardue* at 218, 681 S.E.2d at 440 (quoting *Tallahassee Power* at 630, 87 S.E. at 631).

We hold that the language of the 1878 deed is clear and unambiguous. The southern line of plaintiffs' Tillett Tract is the south side of the Fanny Payne ditch and Hammock Creek. It was error for the trial court to deny defendants' motion for a directed verdict as to any lands claimed by plaintiffs lying to the south of the ditch and the creek.

We further note that there was testimony from plaintiffs' surveyor, Wesley M. Meekins, Jr., as to why this discrepancy

between his survey and the deed description occurred. Meekins testified that the line followed "the south side of the ditch to the creek and thence along the creek south side to the sound." He then acknowledged that the line he drew on the survey was a straight line, and did not follow the deed description. Meekins went on to testify that:

> I was standing in the middle of the marsh looking at the land and making an assumption that the land was of very little value and at that time you couldn't do a thing in the world with it. And another, I was looking at the gentleman who was paying the bill and I knew that he was very low in his economic state and that if I went and did and took a shot on every bend and meander of that creek, we're talking about several more days in that mud, and I just made that the-- that decision that it at least adhered to the south side of the creek and started out on the south side of the ditch.
>
> . . .
>
> Looking back I told you that, looking back 18 years in retrospect, I would do things differently today than I did then. But I can't effect [sic] what I did then except that I would have done different and that knowing that they didn't own anything north of that ditch and the creek and the land that we were talking about was needle brush marsh. I just made a human decision, I guess you might say.

This testimony confirms that the line between plaintiffs' Tillett Tract and defendants' property ran along the south bank

of the ditch and creek. The line contained in the trial court's judgment was drawn not based upon the 1878 deed, but upon economic expediency.

## IV. Conclusion

We hold that there was no error in the trial court's judgment as to the boundary between plaintiffs' Land Tract and the property of defendants. We hold that the trial court erred in not granting defendants' motion for a directed verdict as to the portion of plaintiffs' Tillett Tract lying south of the south bank of the Fanny Payne ditch and the Hammock Creek. The judgment of the trial court as to Issue Three of the jury verdict, plaintiffs' Tillett Tract, is reversed, and this matter is remanded to the trial court for entry of judgment removing the cloud on the title to plaintiffs' Tillett Tract only upon the portion of their property lying to the north of the south bank of the Fanny Payne ditch and Hammock Creek.

NO ERROR IN PART; REVERSED AND REMANDED IN PART.

Chief Judge MARTIN and Judge DILLON concur.

Report per Rule 30(e).