IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-678

No. COA22-30

Filed 18 October 2022

Hoke County, No. 19 CVS 768

RICHARD L. NEELEY, Plaintiff,

v.

WILLIAM C. FIELDS, JR.; WILLCOX, McFADYEN, FIELDS & SUTHERLAND PLLC; NANCY Y. WIGGINS, as the Executrix of the ESTATE OF RICHARD M. WIGGINS; KENNETH B. DANTINNE; and McCOY WIGGINS, PLLC, Defendants.

Appeal by Plaintiff from order entered 19 July 2021 by Judge D. Jack Hooks, Jr., in Hoke County Superior Court. Heard in the Court of Appeals 8 June 2022.

> *Stevens, Martin, Vaughn & Tadych, PLLC, by Michael J. Tadych, Hugh Stevens, and K. Matthew Vaughn, for plaintiff-appellant.*
>
> *Pendergrass Law Firm, PLLC, by James K. Pendergrass, Jr., for defendants-appellees William C. Fields, Jr., and Willcox, McFadyen, Fields & Sutherland PLLC.*
>
> *Alexander Ricks PLLC, by Amy P. Hunt, for defendants-appellees Nancy Y. Wiggins, as the Executrix of the Estate of Richard M. Wiggins, Kenneth B. Dantinne, and McCoy Wiggins PLLC.*

MURPHY, Judge.

¶ 1    Language excepting "covenants, easements, and restrictions of record" in the legal description of a deed is sufficient to except all easements that are a matter of public record and within the chain of title. The drafter of a general warranty deed does not commit legal malpractice in failing to include an exception to an easement

of record in any other part of a general warranty deed if the exception has been noted within the general warranty deed's legal description. Summary judgment is therefore appropriate in a legal malpractice action arising out of an alleged failure to include an exception for easements of record in the covenants clause when such exception is provided within the general warranty deed's legal description.

## BACKGROUND

¶ 2 Plaintiff, Richard L. Neeley, brought professional negligence claims against two different groups of lawyers arising from his sale of real estate located in Hoke County ("Parker Farm Land"). The first group is the "Hoke County lawyers," comprised of William C. Fields, Jr. and Willcox, McFadyen, Fields & Sutherland PLLC. The second group is the "Cumberland County lawyers," comprised of Richard M. Wiggins,[1] Kenneth B. Dantinne, and the firm that has become known as McCoy Wiggins, PLLC.

¶ 3 After conducting a title search and finding a recorded landscape easement which had previously been recorded in Hoke County on 21 November 2001, the Hoke County lawyers drafted a deed on behalf of Neeley as the seller of the Parker Farm Land. The general warranty deed included the following language in the legal description of the property: "Together with and subject to covenants, easements and

---

[1] The estate of Richard M. Wiggins, who has since deceased, is a party to this appeal.

restrictions of record." The deed's covenants clause warranted the property previously described in the deed's legal description as follows:

> And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever, other than the following exceptions:
>
> 1. Utility Easements, of record, if any.
>
> 2. 2013 ad valorem taxes.

After purchasing the Parker Farm Land, the buyer contacted Neeley about the landscape easement and stated the easement had not been made known at the time of sale. The buyer then filed suit against Neeley for breach of warranty.

¶ 4    Neeley hired the Cumberland County lawyers to defend him against the buyer and to make a claim against the Hoke County lawyers for negligent drafting of the deed. After the statutory deadline had passed and without filing any negligence claims against the Hoke County lawyers, the Cumberland County lawyers withdrew representation of Neeley, citing an unspecified non-waivable conflict. Neeley eventually settled the lawsuit with the buyer by reacquiring the property from the buyer for a price higher than when originally sold. Neeley then brought suit against the Cumberland County lawyers, alleging they committed professional malpractice by failing to timely file a claim against the Hoke County lawyers.

¶ 5    Neeley filed a verified complaint against both groups of lawyers on 4 October 2019. Both groups of lawyers filed motions for summary judgment, and the trial court granted both motions in an order filed on 19 July 2021. Neeley timely filed notice of appeal.

## ANALYSIS

¶ 6    "The standard of review for summary judgment is de novo." *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007).

> Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c). The trial court may not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact. *Singleton v. Stewart*, 280 N.C. 460, 464, 186 S.E.2d 400, 403 (1972). Moreover, "all inferences of fact . . . must be drawn against the movant and in favor of the party opposing the motion." *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975) (internal quotation marks omitted).

*Id.* at 523-24, 649 S.E.2d at 385. In the instant case, the party opposing the motions that were granted by the trial court was Neeley. All inferences of fact are drawn in his favor in our de novo review of the motion to determine if there is a genuine issue as to any material fact. *Id.*

¶ 7    Summary judgment was appropriate because "there is no genuine issue as to any material fact and [both Defendants are] entitled to a judgment as a matter of

law." N.C.G.S. § 1A-1, Rule 56(c) (2021). The landscape easement was recorded in Hoke County on 21 November 2001. "In construing a conveyance executed after [1 January 1968], in which there are inconsistent clauses, the courts shall determine the effect of the instrument on the basis of the intent of the parties as it appears from *all* of the provisions of the instrument." N.C.G.S. § 39-1.1(a) (2021) (emphasis added).

> [S]o long as it does not prevent the application of the rule in Shelley's case, conveyances executed after 1 January 1968 in which there are inconsistent clauses shall be construed in accordance with [N.C.G.S. §] 39-1.1 so as to effectuate the intent of the parties as it appears from all the provisions in the instrument.

*Whetsell v. Jernigan*, 291 N.C. 128, 133, 229 S.E.2d 183, 187 (1976); *see also Robertson v. Hunsinger*, 132 N.C. App. 495, 499, 512 S.E.2d 480, 483 (1999) ("The intention of the parties is to be given effect whenever that can be done consistently with rational construction."). When reviewing a general warranty deed de novo, we analyze the entire document to determine the grantor's intent as a matter of law. *See Elliott v. Cox*, 100 N.C. App. 536, 538, 397 S.E.2d 319, 320 (1990) ("A deed is to be construed to ascertain the intention of the grantor as expressed in the language used, construed from the four corners of the instrument."); *Mason v. Andersen*, 33 N.C. App. 568, 571, 235 S.E.2d 880, 882 (1977) ("A deed is to be construed by the court, and the meaning of its terms is a question of law, not of fact.").

¶ 8      In the instant case, both groups of lawyers note that the general warranty deed

expressly excepted the landscape easement from the warranties. The general warranty deed includes the following language: "Together with and subject to covenants, easements and restrictions of record." While Neeley argues that this language excepting easements of record within the legal description of the general warranty deed must have appeared as a specifically outlined exception in the covenants clause of the deed to be effective, we use the entire document to determine what the grantor's intentions were instead of the piecemeal approach he suggests. *See Whetsell*, 291 N.C. at 133, 229 S.E.2d at 187. By previously defining the property to be granted as "[t]ogether with and subject to covenants, easements and restrictions of record[,]" the general warranty deed demonstrates, as a matter of law, that recorded easements were contemplated as an exception to the general warranty deed. The landscape easement at issue was an easement of record within the chain of title and was excepted from the general warranty deed as a matter of law. The Hoke County lawyers did not commit professional malpractice in drafting the general warranty deed.

¶ 9     Since the Hoke County lawyers did not commit professional malpractice in drafting the general warranty deed, it follows that the Cumberland County lawyers had no reason to add the Hoke County lawyers to the action of the buyer of the Parker Farm Land against Neeley. A claim against the Cumberland County lawyers does not exist without first showing that there would have been a case against the Hoke

County lawyers had the Cumberland County lawyers filed in a timely manner:

> Where the plaintiff bringing suit for legal malpractice has lost another suit allegedly due to his attorney's negligence, to prove that but for the attorney's negligence plaintiff would not have suffered the loss, plaintiff must prove that:
>
> (1) The original claim was valid;
>
> (2) It would have resulted in a judgment in his favor; and
>
> (3) The judgment would have been collectible.

*Rorrer v. Cooke*, 313 N.C. 338, 361, 329 S.E.2d 355, 369 (1985). Neeley is unable to show that his original claim was valid or that judgment would have resulted in his favor. The Cumberland County lawyers did not commit professional malpractice by failing to sue the Hoke County lawyers as requested.

## CONCLUSION

Even where all inferences of fact are drawn "against the movant and in favor of the party opposing the motion," *Caldwell*, 288 N.C. at 378, 218 S.E.2d at 381, "there is no genuine issue as to any material fact and [the Defendants were] entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2021). As the general warranty deed excluded recorded easements and the landscape easement was an easement of record within the chain of title at the time of drafting and recording, Defendants did not breach a duty to Neeley, and summary judgment for Defendants was proper.

AFFIRMED.

Judges DIETZ and WOOD concur.