## CALVIN CARVER v. CAROLINA, CLINCHFIELD AND OHIO RAILWAY COMPANY.

(Filed 19 May, 1915.)

**1. Carriers of Passengers—Arrest of Passenger—Request of Passenger— Police Officers.**

Where a conductor on a train telephones ahead to a town for officers to arrest a passenger for improper conduct, orders his arrest accordingly, and an action is brought against the railroad company for damages, the defendant is not responsible for the treatment given the plaintiff after his arrest and in which its employees took no part, the questions presented being whether the conduct of the plaintiff, while a passenger, and preceding the arrest, was such as to justify the conductor in calling upon the policeman to make it; and not for indignities the policeman may thereafter have committed on the plaintiff's person.

**2. Same—Punitive Damages—Evidence.**

Punitive damages are recoverable against a railroad company causing the arrest of a passenger, in the discretion of the jury, only where the passenger has been arrested by the defendant's conductor or other proper employee, and there are elements of fraud, malice, gross negligence, insult, or other cause of aggravation in the act causing the injury or humiliation.

APPEAL by defendant from *Webb, J.,* at December Term, 1914, of RUTHERFORD.

Civil action, tried upon these issues:

1. Did the defendant wrongfully and illegally injure the plaintiff, as alleged in the complaint? Answer: "Yes."

2. What actual damages, if any, is the plaintiff entitled to recover of defendant? Answer: "$500."

3. Did the defendant wantonly and maliciously injure the plaintiff, as alleged in the complaint? Answer: "Yes."

4. What exemplary damages, if any, is the plaintiff entitled to recover of defendant? Answer: "$300."

The defendant appealed.

*McBrayer & McBrayer, Solomon Gallert for plaintiff.*
*J. J. McLaughlin, F. D. Hamrick, J. W. Pless for defendant.*

BROWN, J.   The evidence in this case tends to prove that the defendant ran an excursion train from Spartanburg to Altapass, on which were cars reserved for ladies.   The plaintiff entered the car at Forest City with a number of companions, and, according to his own admissions, all were drinking.

The evidence tends to prove that on account of the plaintiff's drinking and open disturbance on the train, the conductor was compelled to phone to Marion for regular police officers to meet him at the station for the protection of his passengers.   Two regular police officers met the train at Marion, and, after the train left, they arrested the plaintiff, who was then drinking and swearing in the presence of ladies and other passengers.   The evidence tends to prove that the conductor ordered him under arrest by the regular officers and went about his affairs, leaving him in the custody of these officers, the conductor not further interfering.

The evidence tends to prove that the officers, of their own volition, as they said, for their own protection and not at the instance of the conductor, placed handcuffs on the plaintiff and moved him to the smoking apartment.   Then the plaintiff became more tractable, and with the consent of the conductor, at the instance of the officers, the plaintiff was released.   There was no further prosecution of the plaintiff, and he brings this suit for damages for the alleged wrongful arrest.

There was quite a number of assignments of error relating to the evidence, as well as to the charge of the court.   We deem it necessary to notice only one of them.

The defendant requested his Honor to charge the jury: "If the plaintiff violated the law on defendant's train so as to justify his arrest by the conductor, and he was taken into custody by regular officers of McDowell County, the conductor, under the law, was not required to anticipate that the officers would mistreat the plaintiff.   Therefore, you are charged that if plaintiff was properly arrested and turned over to proper legal officers of McDowell County, and that he was not subject to any improper indignities or suffering in the presence of the conductor, and a reasonably prudent man in the position of the conductor would not have anticipated any such mistreatment, then you would answer the first issue 'No.' "

Instead thereof, his Honor gave the following instruction: "If you find that the officers aforesaid used excessive force in putting handcuffs on the plaintiff; or if you find that it was not necessary to put handcuffs on the plaintiff at the time he was arrested to safely keep him until he was discharged; or if you find that the officers put handcuffs on him because they were irritated at him because of the language that he had used, if you find that he used profane language, or because they were mad at him, knowing at the time that it was not necessary to handcuff him to arrest him and keep him, if you find that they did know it was

not necessary to handcuff him in order to keep him, then the court charges you that a wrongful act was done the plaintiff, and it would be your duty to answer the first issue 'Yes.' "

This exception is well taken. The instruction asked for should have been given. The charge of the court placed too great a burden upon the defendant, as the conductor had no authority over the officers and could have done nothing legally to restrain their control and management of the prisoner while in their custody.

In *Brunswick and W. R. R. v. Ponder,* 60 L. R. A., 715, it is said: "If our conclusions be correct, that the conductor could assume that the arrest was a lawful one, and was under no duty to prevent it, we think the company cannot be held liable for the excessive force used. Ponder became the prisoner of the officers as soon as they laid hold of him, and before he was removed from the train. He was taken out from under the protection of the conductor by the officers of the law. He was then in the custody of the law, and, whether or not the conductor or any one else was authorized to prevent the use of unnecessary force in making the arrest, the railroad company was in this regard no longer under any duty to him as a passenger."

In *Pratt v. Brown,* 80 Tex., 608, it is held: "A railroad company whose station agent requested a policeman to arrest a disturber in a depot is not liable for the act of the officer in detaining the person arrested for an unreasonable time."

It is further contended by the defendant that the plaintiff is not entitled to recover punitive or exemplary damages assessed under the fourth issue. In the view which we take of the case, the plaintiff would not be entitled to recover punitive damages, or any other damages, because of the act of the policemen in putting handcuffs upon the plaintiff, as the evidence shows that the conductor was not responsible for that act, and did not request or authorize it.

If it should be shown upon the next trial that the conduct of the plaintiff on the train was such as to justify the conductor in calling upon the policemen and asking them to take the plaintiff in custody, then the defendant would not be liable for any damages. If the jury should find that the conduct of the plaintiff was not such as to warrant the conductor in ordering him into the custody of the officers of the law, but that the conductor acted in good faith, although mistaken, the defendant would then be liable for such actual or compensatory damages as the plaintiff may have sustained.

But if the jury should further find that the conductor wrongfully and unjustifiably ordered the arrest of the plaintiff, without necessity, and that this act of the conductor was wanton, malicious, reckless, or was done through gross negligence and disregard of the plaintiff's rights as a passenger, then punitive damage may or may not be awarded, in the

sound discretion of the jury. Punitive damages are not recoverable in actions of this character unless there is an element of fraud, malice, gross negligence, insult, or other cause of aggravation in the act causing the injury. *Holmes v. R. R.*, 94 N. C., 319.

New trial.