NORTH CAROLINA DEPARTMENT OF TRANSPORTATION v. HAYWOOD COUNTY

No. 628PA04

(Filed 3 March 2006)

**Eminent Domain; Witnesses— value—expert testimony— methodology—reliability**

    The trial court did not abuse its discretion by granting plaintiff's motion for a directed verdict on certain expert testimony in a condemnation action. The first of three steps in evaluating the admissibility of expert testimony is to determine whether the expert's method of proof is sufficiently reliable; here, the court determined that defendant's experts' method of proof was subjective and not based on reliable methodology, and the inquiry need go no further.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 167 N.C. App. 55, 604 S.E.2d 338 (2004), reversing a judgment entered 11 July 2003 by Judge Albert Diaz in Superior Court, Haywood County, and remanding for a new trial. Heard in the Supreme Court 13 December 2005.

*Roy Cooper, Attorney General, by Martin T. McCracken, Assistant Attorney General, for plaintiff-appellant.*

*Jeffrey W. Norris & Associates, PLLC, by Jeffrey W. Norris, for defendant-appellee.*

EDMUNDS, Justice.

In this land condemnation case, we must decide whether the trial court abused its discretion when it allowed plaintiff's motion for a directed verdict as to defendant's purported expert testimony regard-

ing certain elements of damage related to the value of the real property at issue. Because we conclude that the trial court reasonably determined that the testimony lacked sufficient reliability, we find no abuse of discretion. Accordingly, we reverse the Court of Appeals holding to the contrary.

Plaintiff Department of Transportation made plans to widen U.S. Highway Business 23 in defendant Haywood County. To carry out this plan, plaintiff needed to acquire additional right of way. The Haywood County Planning Building, which houses several county agencies and also provides rental space to various nonprofit organizations, is located on the property affected by the widening. Plaintiff's project would take 2,861 square feet of this 26,060 square foot tract of land. As a result, the Planning Building would lose part of its paved parking lot and the distance between the southeast corner of the Planning Building and the highway would shrink from forty-four feet to as little as two and one-half feet. In addition, plaintiff would also acquire a 1,859 square foot temporary construction easement consisting of a long narrow strip running parallel to the new right of way. This construction easement was set to expire upon completion of the highway expansion project, which at the time of condemnation was expected to take three years.

Plaintiff estimated just compensation for defendant's appropriated property to be $10,125.00. Because defendant did not agree with plaintiff's estimate, condemnation became necessary. Pursuant to N.C.G.S. § 136-103, on 22 January 2001, plaintiff filed a Complaint, Declaration of Taking, and Notice of Deposit. Plaintiff simultaneously deposited $10,125.00 with the Clerk of Haywood County Superior Court.

On 2 June 2003, the case went to trial in Haywood County Superior Court. The only issue before the jury was the amount of compensation to which defendant was entitled. Defendant, who had the burden of proof, presented the testimony of three expert witnesses regarding both the value of damages arising from the proximity of the new right of way to the building ("proximity damage") and the rental value of the temporary construction easement ("rental value"). At the close of defendant's evidence, plaintiff moved for a directed verdict as to portions of the testimony of each of these three witnesses. The trial court granted plaintiff's motion and instructed the jury not to consider defendant's evidence regarding proximity damages and rental value as factors in the damage award.

The jury returned a verdict for defendant in the amount of $21,100.00. Defendant appealed the decision to the North Carolina Court of Appeals, assigning as error the trial court's grant of the directed verdict. On 16 November 2004, the Court of Appeals reversed the trial court and remanded the case for a new trial. *N.C. Dep't of Transp. v. Haywood Cty.*, 167 N.C. App. 55, 604 S.E.2d 338 (2004). On 18 August 2005, we allowed plaintiff's petition for discretionary review to consider whether the Court of Appeals erred in reversing the trial court's judgment.

A trial court must decide preliminary questions pertaining to the qualifications of a witness and the admissibility of testimony. N.C.G.S. § 8C-1, Rule 104(a) (2005). "[A] trial court's ruling on the qualifications of an expert or the admissibility of an expert's opinion will not be reversed on appeal absent a showing of abuse of discretion." *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 458, 597 S.E.2d 674, 686 (2004). "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

The trial court accepted defendant's tender of three expert witnesses to testify as to land values in Haywood County: Mr. Carroll Mease, Mr. James Deitz, and Mr. Bobby Joe McClure. All three testified that the permanent value of the Planning Building would depreciate because the building would be so close to the widened road. Their opinions of the amount of depreciation ranged from thirty to thirty-five percent. In addition, each appraised the rental value of the temporary construction easement, assessing it at between $500.00 and $800.00 per month over a three-year period.

Each expert was questioned in an attempt to elicit the basis of his opinion as to proximity damages. Mr. Mease's response was: "I felt like in my opinion that 30 percent damage worked well with this building." When asked, "Why isn't it 25 percent or 20 percent or 40 percent? Where does the 30 percent come from?", Mr. Mease acknowledged that he did not use any particular mathematical formula in arriving at the figure and repeated that "I just felt like that 30 percent was about what the building would be damaged . . . ." Mr. Dietz explained that his estimate that the building's value would be diminished by thirty-five percent was "my personal opinion based on experience." Although Mr. McClure said his estimate of the depreciation was derived from "my experience of dealing with the real

estate," he also testified that he did not have any comparable or similar sales to document that estimate. As to the rental value of the temporary construction easement, each expert conceded that he had not seen a lease of a similar strip of property to use for a comparison in making his appraisal.

In land condemnation cases, "mere conjecture, speculation, or surmise is not allowed by the law to be a basis of proof in respect of damages or compensation. The testimony offered should tend to prove the fact in question with reasonable certainty." *Raleigh, Charlotte & S. Ry. Co. v. Mecklenburg Mfg. Co.*, 169 N.C. 204, 208, 169 N.C. 156, 160, 85 S.E. 390, 392 (1915). The trial court granted plaintiff's motion for a directed verdict with respect to proximity damages and the rental damages as a result of its determination that opinions of the defendant's experts regarding these elements of damage were "not based on any reliable methodology that the court could ascertain, that [they were] simply based on subjective hunches and speculation." The trial court also stated that

> I'm sure [the experts] are all very well experienced and have testified to their experience, but I didn't see the necessary connection between their experience and how they arrived at these valuations, particularly with respect to the proximity damage, . . . and I had the same problem with respect to rental value, the numbers were all over the place.

"The trial court is given great latitude in determining the admissibility of expert testimony." *State v. Gainey*, 355 N.C. 73, 88, 558 S.E.2d 463, 474, *cert. denied*, 537 U.S. 896, 154 L. Ed. 2d 165 (2002). Admissibility of expert testimony is evaluated in a three-step inquiry. *State v. Goode*, 341 N.C. 513, 527-29, 461 S.E.2d 631, 639-41 (1995). The first step requires that the trial court determine whether an expert's method of proof is sufficiently reliable as an area for expert testimony. *See Howerton*, 358 N.C. at 459, 597 S.E.2d at 686; *Goode*, 341 N.C. at 527, 461 S.E.2d at 639. Here we need go no further. The trial court heard the opinion of each expert as well as the basis of each opinion. Although each expert had experience in appraising real estate, none articulated any method used to arrive at his figures, even when closely questioned. To the contrary, these experts' testimony about feelings and personal opinions, unsupported by objective criteria, explains and justifies the trial court's concern that their opinions were based on hunches and speculation. Because the trial court's threshold determination that the experts' method of proof lacked sufficient reliability was neither arbitrary nor the result of an

unreasoned decision, we hold that the trial court's grant of plaintiff's motion for a directed verdict was not an abuse of discretion. Accordingly, we reverse the decision of the Court of Appeals.

REVERSED.

Justice TIMMONS-GOODSON did not participate in the consideration or decision of this case.